### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### AT OWENSBORO

VINCENT HAMPTON                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 4:12CV-P125-M

DAVIESS COUNTY DETENTION CENTER et al.                             DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Vincent Hampton, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.[1]  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, a pretrial detainee at the Daviess County Detention Center (DCDC), sues DCDC, its medical staff, and Southern Health Partners.  He alleges that in April 2012 he "came down with a really bad itch all over [his] body."  He states that about a week later "medical" gave him some small packets of hydrocortisone cream but did not test him.  After using up the packets and still having the itch, he was brought back to "medical" which again did not test him but gave him some A & D ointment and medical soap.  He alleges that he itched so badly that he could not sleep at night and that he continued to fill out medical forms "for the next 3 or 4 months and they never tested me for nothing."  He further states, "I received medical powder,

---

[1] The complaint also was signed by and listed as an additional plaintiff Preston Tyrell Williams.  However, absolutely none of the allegations in the complaint pertained to Williams, Williams did not respond to the notice of deficiency regarding submitting an application to proceed without prepayment of fees, and Plaintiff has indicated to the Court that Williams has been transferred and his whereabouts are unknown.  Consequently, the Court does not consider Williams to be a Plaintiff in this action.

my wife brought me soap, lotion, bodywash all of which didn't help me after I was told I had

exama."  He continues, "Once I use all of what my wife brought me I started growing little

bumps on my genatles and anus.  I reported back to medical for the 10 or 11 time in which they

told me I had the early stage of Herpes."  Plaintiff states that this information required him to

phone his wife to tell her about the herpes.  He states he still itched but was told "they couldn't

treat me for the Herps."  Finally, he told "the staff" that he thought he had scabies, and on July

27 he was tested and found positive for scabies.  He requests $1,350,000 in damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis

either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff

has stated a claim upon which relief can be granted, the court must construe the complaint in a

light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of

Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

"Due process requires that a pretrial detainee not be punished.  A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment."  *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979).  "Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well."  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005).

"The Eighth Amendment prohibits prison officials from 'unnecessarily and wantonly inflicting pain' on prisoners by acting with 'deliberate indifference' towards the inmate's serious medical needs."  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The Fourteenth Amendment "affords pretrial detainees a due process right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners."  *Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 382 n.3 (6th Cir. 2004).  Thus, although the Eighth Amendment is not directly applicable to Plaintiff as a pretrial detainee, its deliberate indifference standard is to be applied under the Fourteenth Amendment.

A claim of deliberate indifference has both an objective and subjective component. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).  The objective component requires an inmate to show that the alleged deprivation is "sufficiently serious" and poses "a substantial risk of serious harm."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the subjective component, an inmate must demonstrate that prison officials had "a sufficiently culpable state of mind," *i.e.*, the official knew of and disregarded an excessive risk to inmate health or safety.  *Id.*

Assuming that scabies is a sufficiently serious medical condition, the Court finds that the

complaint fails to allege deliberate indifference.  The standard applied in reviewing the actions of prison doctors and medical staff in this type of case is deferential.  *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979).  Courts will generally refrain from "second guessing" the adequacy of a particular course of treatment where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment.  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *Bisgeier v. Mich. Dep't of Corr.*, 380 F. App'x 505, 508 (6th Cir. 2005).

Plaintiff only evidences a disagreement with his medical care.  The fact that some months later it appears that he was tested for and diagnosed with scabies does not transform Plaintiff's disagreement with Defendants' prior diagnosis and treatment plan into a constitutional issue. Moreover, even if the failure to test for scabies earlier could be considered malpractice, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle*, 429 U.S. at 106.  Plaintiff has failed to state a claim with regard to his medical claim.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss this action.

Date: November 20, 2012

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
      Daviess County Attorney
4414.009

4